COUNTY OF EARLY *et al. v.* CHIPSTEAD *et al.*

ATKINSON, J. 1. The act of 1876 (Acts 1876, p. 274), providing for the creation of the board of commissioners of roads and revenues for the County of Early, as amended by the act of 1877 (Acts 1877, p. 255), was repealed by the act approved August 18, 1913 (Acts 1913, p. 328). The latter act was repealed and the former law restored by an act approved August 16, 1915 (Acts 1915, p. 214). It was provided in section 7 of the act of 1876 as amended, that the board of commissioners " shall have exclusive jurisdiction over the following matters, to wit: First — In directing and controlling all the property of the county as they may deem expedient, according to law. . . Fifth

— In examining, settling, and allowing all claims against the county. Sixth — In examining and auditing the accounts of all officers having the care, management, keeping, collection or disbursement of money belonging to the county, or appropriated for its use and benefit, and bringing the same to a settlement. . . Eighth — In making all contracts for work to be done, and for all other purposes to which the county may be a party. *Held*:

(*a*) The board of commissioners of roads and revenues have exclusive control over all the property of the county.

(*b*) The jurisdiction conferred upon the board of commissioners of roads and revenues in paragraph 6 quoted above includes jurisdiction to issue an execution against a delinquent tax-collector of the county. *Lamb* v. *Dart*, 108 *Ga.* 602 (34 S. E. 160); *Roberts* v. *Dancer*, 144 *Ga.* 341 (87 S. E. 287).

2. If the sheriff of Early County, who has received for collection fi. fas. issued by the tax-collector of the county, becomes delinquent in his collection and remittance of county funds, and an attorney at law employed by the tax-collector in behalf of the county institutes legal proceedings against the sheriff for recovery of such funds, and the proceedings result in the collection of stated amounts of money which are paid over to the tax-collector, the money so paid becomes the property of the county. The tax-collector has no individual interest therein, and it is his duty to immediately pay it over in accordance with lawful directions by the board of commissioners of roads and revenues.

3. If the tax-collector becomes delinquent in paying over such county funds collected from the sheriff, and the board of commissioners of roads and revenues issues an execution against him as a defaulting tax-collector, he is not entitled to injunction against enforcement of such execution on the ground that the attorney at law who instituted the proceedings against the sheriff had demanded payment of his fees from the fund in his hands and claimed an attorney's lien thereon.

4. If the attorney was entitled to fees from the county or a lien on the fund, he had an adequate remdy at law against the county, and was not entitled to an injunction to prevent enforcement of the execution against the tax-collector. Payment to the county of the amount specified in the execution would not affect any right of the attorney against the county.

5. Under application of the rulings contained in the preceding notes, the judge erred at an interlocutory hearing of a suit by the tax-collector and the attorney against the county, to restrain enforcement of the fi. fa. and for an allowance of attorney's fees, in granting a temporary injunction against enforcement of the execution issued by the board of commissioners against the tax-collector.

6. The judgment temporarily enjoining the fi. fa. against the tax collector did not involve a question as to the ultimate right of the attorney to recover fees from the county, and no ruling will now be made on such question.

*Judgment reversed. All the Justices concur.*

No. 3388. SEPTEMBER 25, 1923.

Injunction. Before Judge Worrill. Early superior court. August 19, 1922.

*Glessner & Collins,* for plaintiffs in error.

*Pottle & Hofmayer,* contra.